IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN ROBERT KOFFLER,

    Plaintiff,

v.                                        CV 421-257

TIMOTHY WARD, Commissioner; BEN
FORD, Warden; NICHOLAS
STRICKLAND; Z. JONES, D/W of
Security; C. BETTERSON, D/W of
Care and Treatment; B. BARNWELL,
Grievance Counselor; BROWN,
Cert Sgt.; UNIDENTIFIED NURSE
#1; UNIDENTIFIED LPN #1;
BROOKS BENTON, Warden; and B.
KAIGLER, Chief Counselor;[1]

    Defendants.

**O R D E R**

Plaintiff filed this lawsuit while incarcerated at Coastal State Prison ("CSP"). (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* in this case brought under 42 U.S.C. § 1983. Because he is proceeding as a *pro se* prisoner, Plaintiff's pleadings must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings

---

[1] The Clerk listed the following defendants on the docket: Employees of Coastal State Prison, Employees of GA Diagnostic & Classification Prison (GDCP), and Offender Defendant at Coastal State Prison. Upon review, however, the Court has determined that these names were mere headings on Plaintiff's list of Defendants. Accordingly, the Clerk is directed to **TERMINATE** these defendants from the case.

are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## II. DISCUSSION

The Court will address each of Plaintiff's enumerated claims against the Defendants in turn. At the conclusion of the Order,

all Defendants who have not had a potentially viable claim asserted against them will be dismissed.

*Claim #1*: GDCP Claims - Transferred

Plaintiff's first claim alleges that officials working in the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, violated his Eighth Amendment rights by suddenly depriving him of mental health medication instead of tapering him off the medication and by denying medical care related to a shoulder injury. (Compl. at 7.) Specifically, he names Warden Ben Ford, an unidentified nurse #1, and an unidentified LPN #1 as Defendants.

Plaintiff's claims regarding the GDCP have been improperly joined in this suit. "Persons . . . may be joined in one action as defendants" as long as (1) the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the underlying action, and (2) "[a] question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a); Daker v. Head, 730 F. App'x 765, 768 (11th Cir. 2018). The claims originating at GDCP arise from different occurrences and contain no common question of law or fact to those claims made against the separate CSP Defendants.

Furthermore, venue as to Plaintiff's claims arising at GDCP is not proper in this district. Although a district court "shall dismiss" a case with improper venue, 28 U.S.C. § 1406(a), it may only do so on its own motion "'as long as the procedure employed

4

is fair.'" Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)). To that end, the Eleventh Circuit requires a district court to "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond," unless the complaint is patently frivolous. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1069 (11th Cir. 2007); Byrne v. Nezhat, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001); see also Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005) ("[W]e have . . . made clear that while a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so without first giving the parties an opportunity to present their views on the issue.") Because Plaintiff has stated claims which are not "patently frivolous," the Court will sever Plaintiff's claims against GDCP and transfer them to the Northern District of Georgia where venue is proper instead of dismissing them.

*Claim #2*: Exposure to Drugs at CSP

Plaintiff alleges that after transferring to CSP, Defendant Benton, Defendant Betterson, and the other unnamed employees of CSP violated the Eighth Amendment and the Federal Clean Air Act by exposing him to drug, tobacco, and marijuana use.[2] (Compl. at 7-

---

[2] Plaintiff alleges he is unable to grieve the smoke exposure, which he contends constitutes deliberate indifference. He holds Defendants Ward, Benton, and Barnwell responsible for depriving him of his right to grieve. This is the basis of Plaintiff's fourth claim as well, and the Court will address the claim supra.

8.) The exposure has caused him to cough and have trouble breathing. (Id.)

While a prisoner may state a cause of action under the Eighth Amendment for exposure to environmental pollutants such as tobacco smoke ("ETS") by "alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health," see Helling v. McKinney, 509 U.S. 25, 35 (1993), Plaintiff has not done so here. In this case, Plaintiff makes no allegation regarding the quantity of smoke and fumes, and he fails to describe how other inmates' use of drugs has injured him. See Kelley v. Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005) (holding prisoner failed to make objective showing required to support Eighth Amendment claim for exposure to secondhand smoke where, *inter alia*, he merely alleged inmates smoked inside the facility where he was incarcerated but not, for example, that he was housed in a cell with a heavy smoker); Shabazz v. Barrow, 2006 WL 826712, at *2 (M.D. Ga. Mar. 29, 2006) (holding prisoner's allegation smoke was released into the building where he was incarcerated was insufficient to show he was exposed to unreasonably high levels of secondhand smoke).

Even if Plaintiff had alleged facts that would support a finding that he is exposed to unreasonably high levels of secondhand smoke, he fails to assert facts which would support a finding that Defendant Benton, Defendant Betterson, and the

6

unnamed employees of CSP were deliberately indifferent to the risk posed by the exposure. Relevant to the inquiry is "whether the prisoner remains housed in the environment" and whether the facility has adopted a formal smoking policy, the latter of which "will bear heavily on the inquiry into deliberate indifference." Helling, 509 U.S. at 35-36. Plaintiff admits in his Complaint that he was transferred to a different unit after he was assaulted, and he makes no mention of continued smoke exposure there. Moreover, the thrust of Plaintiff's deliberate indifference argument is that "policy 227.02" and "Section 2A and 2B" are not being enforced; this allegation, standing alone however, does not state a claim for deliberate indifference. See Scott v. Dist. of Columbia, 139 F.3d 940, 944 (D.C. Cir. 1998) ("[I]t is hard to see how imperfect enforcement of a nonsmoking policy can, alone, satisfy Helling's subjective element. That the District even has such a policy militates against a finding of deliberate indifference."); Traywick v. Thomas, 2017 WL 10276019, at *14 (M.D. Ala. Aug. 8, 2017) (holding deliberate indifference requires something more than imperfect enforcement of a prison's no-smoking policy). Instead, "the lack of enforcement of the existing smoking policy at best shows mere negligence and is insufficient to demonstrate deliberate indifference." Brown v. Head, 190 F. App'x 808, 810 (11th Cir. 2006) (citing Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

In conclusion, Plaintiff was failed to state a claim involving smoke exposure.

*Claim #3*:  Classification, Counselor, & Financials

Naming Defendants Benton and Betterson, Plaintiff alleges he was denied classification and was required to sign a "waiver of classification" during orientation. Plaintiff complains that no counselor has been assigned to him, and he has yet to be classified, leading to his confinement within populations of gang members and violent offenders. (Compl. at 8-9.) He names "Chief Councilor B. Kaigler" . . . "since she is over all the councilors who conduct orientation" responsible for this claim. (Id. at 9.) Also, during orientation, Plaintiff was unable to obtain assistance with his financial documents. (Id. at 8-9.) Because his financials were not timely transferred to CSP, Plaintiff was unable to purchase hygiene products, such as medicated shampoo, toothpaste to combat his periodontal disease, dental floss, and pain medication. (Id.)

Regarding the failure to classify Plaintiff, the Court first notes that inmates have no protected liberty interest in a particular custody classification. See Meachum v. Fano, 427 U.S. 215, 223-25 (1976) (explaining that "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that Congress has given prison officials full discretion to control conditions

8

of confinement, including prisoner classification). Consequently, prison officials may assign inmates to any security classification level they choose without necessarily violating any constitutional right of the inmates. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum, 427 U.S. at 224; Hewitt v. Helms, 459 U.S. 460 (1983) modified on other grounds by Sandin v. Conner, 515 U.S. 472, 481 (1995); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) (in the context of a claim based on a custody classification, holding that the U.S. Constitution affords no liberty interest in a prisoner's custody classification). Moreover, the Court has found no precedent supporting the claim that the facility's failure to provide Plaintiff with a counselor constitutes a viable § 1983 claim.[3]

As to Plaintiff's allegations that he was deprived of hygiene products because of the facility's failure to transfer his financials, he likewise fails to state a claim. The Eighth Amendment only proscribes those prison conditions which "shock[] the conscience," involve the "wanton and unnecessary infliction of pain," or which are "grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Sheley v. Dugger, 833 F.2d 1420, 1429 (11th Cir. 1987). The failure of CSP to transfer Plaintiff's financial

---

[3] Plaintiff here does not appear to be requesting an attorney to represent him in criminal proceedings but rather appears to seek a prison counselor (spelled by him as "councilor") to assist him in issues incidental to prison life.

9

information quickly, resulting in his temporary loss of hygiene products, does not state a claim which rises to the level prohibited by the Eighth Amendment.

Finally, in respect to this claim, Plaintiff failed to name any actor who was directly responsible for anything alleged by Plaintiff to be unlawful, but rather seeks to hold individuals accountable in their supervisory roles only. It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation and citation omitted). Thus, this claim is dismissed as against Defendants Benton, Betterson, and Kaigler.

*Claim #4*: Right to Grieve

Through this claim, Plaintiff alleges that he is being denied access to the grievance procedure. (Compl. at 9.) According to Plaintiff, Defendant Timothy Ward failed to force Defendant Benton to "abide by policy" regarding grievances in violation of Plaintiff's Fifth and Fourteenth Amendment Rights. (Id.) Plaintiff also named Defendants Ward, Benton, and Barnwell in the duplicative grievance-related claim, infra. (Id. at 8; see n.2 infra.)

A supervisor is not "personally involved" in a constitutional violation merely because he fails to respond to complaints from a prisoner. Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir.

10

2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Furthermore, a prisoner has no constitutional right to participate in grievance procedures. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989); Bingham v. Thomas, 654 F.3d 1171 (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures.")). Thus, this claim fails on its face.

*Claim #5*:  Hostile Environment

Plaintiff alleges that Defendants Benton, Jones, and other officers and staff ignored warnings of a generally hostile and violent environment at CSP. (Compl. at 10.) He alleges that violent offenders in his dorm were not removed or sanctioned, although they posed a threat. (Id.) In protest of this deficiency, he and other inmates attempted to "refuse housing," but Defendant Sergeant Brown threatened them with pepper spray until they relented. (Id.)

11

A § 1983 plaintiff must show "more than a generalized awareness of risk" to make out a deliberate indifference claim. Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019) (citing Caldwell v. Warden, 748 F.3d 1090, 1101 (11th Cir. 2014)). While "occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, . . . confinement in a prison where violence and terror reign is actionable." Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1320 (11th Cir. 2005) (quoting Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)); accord Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). To establish deliberate indifference based on a generalized risk, the plaintiff must show "that serious inmate-on-inmate violence was the norm or something close to it." Purcell ex rel. Estate of Morgan, 400 F.3d at 1322. In his Complaint, Plaintiff describes one isolated attack, i.e., Defendant Nicholas Strickland's assault on Plaintiff. Thus, he has failed to state a claim of an unconstitutionally hostile prison environment.

Plaintiff also complains that he is at a generalized risk of harm because he is surrounded by gang members. However, Plaintiff has not alleged consistent gang-related attacks or threats beyond his own experience. Cf. Lane v. Philbin, 835 F.3d 1302, 1307-08 (11th Cir. 2016) (holding that where a plaintiff alleged that a particular prison building was composed of 90% gang members, it was common for the non-gang-affiliated inmates or non-Muslim inmates to be robbed or stabbed, and the prison had inadequate

12

supervision to prevent inmates from making homemade weapons with scrap metal brought from work detail, the plaintiff stated a claim of deliberate indifference, but case was remanded to determine the objective prong). Accordingly, Plaintiff's allegations regarding a more generalized "hostile and violent environment" (see Compl. at 10) fail.

Relatedly, to the extent Plaintiff alleges that Defendant Sergeant Brown engaged in unconstitutional excessive force when he threatened inmates with pepper spray until they relented from engaging in noncompliant protests made in response to the "hostile environment," Plaintiff's claim also fails. Absent an allegation that force was actually *applied*, there is obviously no violation. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir.1999) ("[S]he must prove that 'force was applied . . . maliciously and sadistically for the very purpose of causing harm.'" (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1988))).

*Claims #6 and #7*:   Failure to Protect/Post-Assault Transfer

Plaintiff describes being assaulted by another inmate, Defendant Nicholas Strickland, and the facts surrounding this incident serve as his sixth and seventh claim. (Compl. at 11-12.) Plaintiff claims Defendants Benton, Jones, and Brown failed to protect him from Defendant Strickland, even though Plaintiff had specifically warned Defendant Sergeant Brown that Strickland was a threat to him. Plaintiff alleges Defendant Brown was deliberately indifferent to the risk and failed to move Strickland

13

from his dorm. Plaintiff was ultimately attacked by Strickland, who also stole Plaintiff's tablet. Plaintiff suffered a concussion and did not receive aftercare follow-up for three weeks after the assault. Plaintiff did not immediately report the assault because he was afraid. Eventually Lieutenant Holland asked him about his injury, so he reported it. Afterwards, Plaintiff was transferred and housed in a new dorm, but near drug users. Plaintiff asserts that it would have been more proper for Strickland to have been transferred. He blames Defendant Jones, who physically transferred him, for violating his due process rights because he transferred him instead of Strickland. He alleges he was again given no opportunity to grieve and had very few resources.

In asserting a failure-to-protect claim under the Eighth Amendment, a prisoner must advance factual allegations sufficient to support the inference that he faces "a substantial risk of serious harm" (the objective component) and that the responsible prison official intended that he be harmed or was at least consciously indifferent to the prisoner's safety (the subjective component). Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

Assuming for the purposes of frivolity review that Plaintiff faced a substantial risk of serious harm regarding Strickland, he only states a claim if the officials were deliberately indifferent to the threat. See Chandler, 379 F.3d at 1289-90 (finding that an official cannot be found liable under the Eighth Amendment unless

14

the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he draws that inference). Plaintiff here fails to state a claim against Defendants Benton and Jones, because he does not allege that they were aware of the threat. Furthermore, a defendant cannot be held liable under § 1983 merely on a *respondeat superior* or vicarious liability basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992). Thus, claims against Defendants Benton and Jones are not cognizable. Liberally construing Plaintiff's Complaint, however, he has stated a plausible claim against Defendant Brown because he indicates that he informed Defendant Brown that Strickland intended to assault him, the risk was not addressed, and this failure resulted in serious injury to Plaintiff.

As to the perpetrator of the assault, Defendant Strickland did not act "under color of state law" when he attacked Plaintiff, and therefore, claims against him are not cognizable under § 1983 either. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (holding that for a defendant's actions to be cognizable under § 1983, "the party charged with the deprivation must be a person who may fairly be said to be a state actor"). Therefore, Defendant Strickland is dismissed from this case.

With respect to his transfer, Plaintiff fails to state a claim. Plaintiff merely alleges that a CERT team member physically transferred him but does not allege that the CERT team member was

15

responsible for the decision to transfer him; nor does he give any other basis for his claim against him. See Troupe v. Sarasota Cnty. Fla., 419 F.3d 1160, 1165 (11th Cir. 2005) ("A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation."). Even if Plaintiff amended his Complaint to name a different defendant in this regard, the Due Process Clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. "It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Morrall v. Warden, 859 F. App'x 883, 884 (11th Cir. 2021) (citing Hewitt, 459 U.S. at 468); see also Sandin, 515 U.S. at 481. Nor has Plaintiff alleged any deprivation "so severe that it essentially exceeds the sentence imposed by the court." Waldman v. Conway, 871 F.3d 1283, 1290 (11th Cir. 2017) (citing Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999) (per curiam). Therefore, Plaintiff's due process claim regarding his transfer after the assault fails.

*Claim #8*: Failure to Enforce Contraband Policy

Plaintiff's final claim is similar to, if not duplicative of, his complaint about the generalized risk of harm at CSP. He alleges that he has been damaged by the non-enforcement of policies regarding contraband. (Compl. at 12.) According to Plaintiff,

16

items such as "jailbroken" tablets are used to communicate with the outside world, and their unregulated existence encourages violence within the prison due to their value in this respect. (Id.) He specifically directs this claim to supervisors, alleging that "victims are created by the non-enforcement of existing polices banning cell phones, jailbroken tablets, and weapons." He claims that his "right to a safe environment" is diminished because Defendants Benton, Jones and other unidentified individuals fail to enforce prison policies.

"Prison regulations . . . were never intended to confer rights on inmates or serve as a basis for constitutional claims." Brown v. Richmond Cnty. Corr. Inst., 2006 WL 1431488, at *2 (S.D. Ga. May 22, 2006) (citing Blakenship v. Kittle, 2003 WL 22048712, at *2 (N.D. Ill. Aug. 6, 2003)). Therefore, any constitutional claim raised by Plaintiff regarding the mere violation of a prison rule, regulation, or policy is subject to dismissal. Instead, a prison official's duty under the Eighth Amendment is to ensure "reasonable safety," "a standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" Farmer, 511 U.S. at 844-45 (citations omitted). "[A] prison custodian is not the guarantor of a prisoner's safety." Purcell ex rel. Morgan, 400 F.3d at 1321 (citation omitted).

Plaintiff fails to state a claim because he does not show that Defendants Benton and Jones, or any other unidentified person, was directly involved with the contraband crime problem at the prison.

17

See, e.g., Glenn v. Williams, 2017 WL 1356371, at *7 (S.D. Ga. Feb. 15, 2017) ("Plaintiff does not show that Defendants Deal and Bryson were directly involved with the cell phone extortion ring by merely alleging they viewed a letter and/or a grievance Plaintiff wrote about his problem."); Asad, 158 F. App'x at 170-72 (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"). Likewise, Plaintiff failed to allege a causal connection between Defendants and the asserted constitutional violations, and his final claim must be dismissed. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

### III.  CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that the portions of the Complaint originating at GSDP against Defendants Ford, Unidentified Nurse #1, and Unidentified LPN #1 are hereby **SEVERED** and **TRANSFERRED** to the Northern District of Georgia. Plaintiff has stated a failure to protect claim against Defendant Sergeant Brown. Therefore, process shall issue against him. Any other

claims against Defendant Brown are dismissed. Instructions for the service of process will follow in a subsequent Order.

All other claims against all other Defendants are **DISMISSED** to include all claims against Timothy Ward, Nicholas Strickland, Z. Jones, C. Betterson, B. Barnwell, Brooks Benton, and B. Kaigler.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE