UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN ROBERT KOFFLER,            )
                                )
        Plaintiff,              )
                                )
v.                              )     CV421-257
                                )
RICKY BROWN,                    )
                                )
        Defendant.              )

## ORDER

After the parties' deadlines for discovery and motions practice passed, the Court directed them to file a status report indicating their interest in a court-facilitated settlement conference. *See* doc. 37. The parties informed the Court that they could not discuss settlement until taking Plaintiff's deposition out of time. *See* doc. 43 at 1. The Court subsequently granted their joint motion to extend their deadline to submit a joint pretrial order and authorized Plaintiff's out-of-time deposition. *See* doc. 45. The parties also requested a status conference. *See* doc. 43 at 2. The Court held the requested conference on February 16, 2024. Doc. 51 (Minute Entry).

1

At the status conference, counsel for Defendant informed the Court that he intended to move to file a Motion for Summary Judgment out of time. He filed that Motion, doc. 49, and Koffler has responded, doc. 52. That Motion is, therefore, ripe for disposition.

Defendant's submission is, to say the least, thin. After briefly summarizing the procedural history, Defendant's only justification for filing the proposed summary judgment motion out of time is that "consideration of dispositive motions may resolve this case and may obviate the need for a jury trial of this case." Doc. 49 at 1-2. There is no legal authority cited supporting the request. *See generally id.* Plaintiff points out, quite reasonably, that Defendant's request would simply disregard "deadlines and procedures to ensure the orderly and efficient administration of justice in this case." Doc. 52 at 1.

The Eleventh Circuit has discussed the scope of a court's discretion to consider an out-of-time summary judgment motion when the proposed movant has not shown "excusable neglect," are required by Rule 6(b)(2). *See Staley v. Owens*, 367 F. App'x 102, 105-06 (11th Cir. 2010). Prejudice to the non-movant and "efficient judicial administration" are critical considerations. *Id.* at 105. In that regard, it is important to recognize

that the additional effort required of the parties to litigate a case on its merits is not prejudice. *See, e.g., Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448, 455 (N.D. Iowa 2003) ("[W]here the issues raised in the belated motion must inevitably be addressed by the court either prior to or in the course of trial, the opposing party cannot claim prejudice where consideration of the otherwise untimely motion presenting those issues actually gives the opposing party the opportunity to litigate those issues fully and fairly."). As the Eleventh Circuit has stated, "a district court may consider an untimely motion for summary judgment if doing so is in the interest of judicial economy." *Staley*, 367 F. App'x at 105 (citing *Thomas v. Kroger Co.*, 24 F.3d 147, 149 (11th Cir. 1994)). Given that the proposed summary judgment motion would be filed after the scheduling order's deadline, the Court would also need to find "good cause" to modify that deadline under Rule 16(b). *See, e.g., Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also* Fed. R. Civ. P. 6(b)(1)(B) (requiring a showing of good cause to extend a deadline).

Given the Defendant's argument, or lack of one, the Court is simply unable to evaluate whether judicial economy will be promoted by considering a hypothetical summary judgment motion. As other courts

have noted, the purported merit of the motion cannot form the basis of the decision to consider the untimely motion, lest "every party in every case . . . argue that it should be excused from following applicable deadlines, because its belated motion is 'meritorious,' turning the disposition of the motion to extend into a *de facto* consideration of the merits of the untimely motion." *Eischeid*, 271 F.R.D. at 455. As *Eischeid* explains:

> On the other hand, the court could be persuaded that 'good cause' exists for extending a dispositive motion deadline where the proffered dispositive motion presents *legal* issues that the court would inevitably have to decide either prior to or in the course of trial. In those circumstances, a well-founded summary judgment motion might present the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother, more coherent, and briefer presentation of the case to a jury. In short, it is the issues raised in the belated motion, not their merit, that may determine whether there is 'good cause,' despite the untimeliness of the motion, for extending the deadline to consider it.

*Id.*

Since Defendant has not even hinted at the basis for his proposed motion, the Court is unable to consider whether it presents the situation contemplated in *Eischeid*. The Court will not give Defendant an effective blank check to ignore the operative schedule based on nothing more than

his counsel's hypothetical *ipse dixit*. *See* doc. 49 at 2 ("Allowing submission and consideration of dispositive motions *may* resolve this case and *may* obviate the need for a jury trial of this case." (emphasis added)). His Motion is, therefore, **DENIED**. Doc. 49. At the same time, the Court is mindful of the expense of a trial, which in this case—because Plaintiff is proceeding *in forma pauperis* and Defendant is represented by the Georgia Attorney General—is borne entirely by the public. It will, therefore, afford Defendant an opportunity to renew its Motion to file out of time, subject to making a more explicit argument for the propriety of its filing and a clearer presentation of the basis of its proposed motion.[1]

Defendant states that he would be prepared to file his summary judgment motion, if permitted, on April 8, 2024. Doc. 49 at 2. The Court will, therefore, afford him until that date to renew his Motion to for Leave to File Out of Time. The parties' deadline to submit a proposed pretrial order is, therefore, **STAYED**. *See* doc. 50. If Defendant renews his Motion, that deadline will remain stayed pending further Order from the

---

[1] In making the necessary showing on the proposed motion's substance, the Court would encourage, but will not require, Defendant to submit his proposed motion as an attachment. If he choses not to attach the proposed motion, he must, at a minimum, specify the issues it will present and explain how those issues are most fairly and efficiently resolved prior to trial.

5

Court. If no renewed motion is filed, the parties are **DIRECTED** to file the joint pretrial order by no later than the current deadline, April 15, 2024.

Koffler has also filed a document titled "Motion in Limine," which seeks prospective admission of a "Demand Letter." *See* doc. 48. Defendant has not responded, *see generally* docket, so the Motion stands unopposed, S.D. Ga. L. Civ. R. 7.5. Despite the lack of opposition, the Court is not satisfied that the Motion can be granted as presented. "[A] statement made during compromise negotiations about [a] claim," is generally not admissible. *See* Fed. R. Evid. 408(a)(1). Such statements may be admitted, depending upon the proffering party's purpose. *See* F. R. Evid. 408(b). Koffler's Motion does not state the purpose for which he seeks admission of the letter. *See* doc. 48 at 1. To the extent that it includes a "witness list," that information is addressed by Judge Baker's Joint Pretrial Scheduling Order and must be provided in the Proposed Pretrial Order. Finally, the scope of Koffler's request, despite the reference to the attached "Demand Letter," remains somewhat ambiguous. *See* doc. 48 at 1 ("In support of this motion, I request that the Court grant the admissibility of the evidence outlined above and any

6

other evidence that may be deemed prejudicial, irrelevant, or inadmissible."). Given all of those ambiguities, Koffler's Motion is **DENIED**, with leave to refile at an appropriate time and with appropriate support. Doc. 48.

    **SO ORDERED,** this 4th day of March, 2024.

                                                          _____
                                                          CHRISTOPHER L. RAY
                                                          UNITED STATES MAGISTRATE JUDGE
                                                          SOUTHERN DISTRICT OF GEORGIA