**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

JOHN ROBERT KOFFLER, )
)
Plaintiff, )
)
v. ) CV421-257
)
RICKY BROWN, )
)
Defendants. )

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff John Robert Koffler filed this case alleging various unconstitutional conditions at Coastal State Prison. *See generally* doc. 1; *see also* doc. 4. The case progressed through discovery and the deadline to file motions expired. *See* doc. 37. Defendant was permitted to file a summary judgment motion out of time. *See* doc. 53. He filed that Motion on May 8, 2024. *See* doc. 59. Koffler has not responded to that Motion. *See generally* docket. His failure to respond constitutes an abandonment of this case.

The Clerk of Court issued a Notice that informed Koffler that his response to the Defendant's Motion for Summary Judgment was due no later than May 29, 2024. *See* doc. 60 at 1; *see also* S.D. Ga. L. Civ. R. 7.5. The Notice expressly warned Koffler that failure to respond could result

in the termination of his case. *See* doc. 60 at 1 ("If you do not respond as directed in this Notice, the Court may enter a final judgment against you without a full trial or any other proceedings."). Despite the Notice and its warning, Koffler has not responded. *See generally* docket. Despite his silence, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). This Court, however, has the authority to prune cases from its docket where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution). Failure to respond to a motion for summary judgment has been recognized as a failure to prosecute, under Rule 41. *See Wedgeworth v. Corizon Health*, 2013 WL 4791619, at *1 (S.D. Ala. Sept. 6, 2013). Accordingly, this case should be **DISMISSED** for Koffler's failure to prosecute it.[1]

---

[1] If Koffler wishes to submit an untimely response to the Motion for Summary Judgment, the fourteen-day objections period, discussed below, affords him an opportunity to do so. If he submits such a response and wishes to proceed with this case, he must also explain why he failed to submit his response timely. Koffler is

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

advised that failure to **both** submit a response to Defendants' Motion **and** sufficiently explain his failure to respond timely may result in dismissal.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 14th day of June, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA